43 A.3d 444

IN THE MATTER OF THOMAS M. RUSSO, AN ATTORNEY AT LAW (ATTORNEY NO. 008181982).

May 31, 2012.

**ORDER**

This matter have been duly presented to the Court pursuant to *Rule* 1:20-10(b), on the granting by the Disciplinary Review Board of a motion for discipline by consent of **THOMAS M. RUSSO** of **SCOTCH PLAINS,** who was admitted to the bar of this State in 1982;

And the Office of Attorney Ethics and respondent having signed a stipulation of discipline by consent in which it was agreed that respondent violated *RPC* 1.3 (lack of diligence), *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), and *RPC* 8.4(d) (conduct prejudicial to the administration of justice);

And the parties having agreed that respondent's conduct violated *RPC* 1.3, *RPC* 8.4(c), and *RPC* 8.4(d), and that said conduct warrants a six-month suspension from practice or lesser discipline;

And the Disciplinary Review Board having determined in DRB 12-082 that a six-month suspension from practice is the appropriate quantum of discipline for respondent's unethical conduct and

having granted the motion for discipline by consent in District Docket No. XIV–2011–0497E;

And the Disciplinary Review Board having submitted the record of the proceedings to the Clerk of the Supreme Court for the entry of an order of discipline in accordance with *Rule* 1:20–16(e);

And good cause appearing;

It is ORDERED that **THOMAS M. RUSSO** of **SCOTCH PLAINS** is hereby suspended for a period of six months, effective July 2, 2012, and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.